UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHAVONDA HARRIS, INDIVIDUALLY      NUMBER: _____
AND ON BEHALF OF HER DECEASED
HUSBAND, STEVEN COOK


VERSUS                              JUDGE _____


CITY OF SHREVEPORT, SHREVEPORT      MAGISTRATE JUDGE _____
POLICE CHIEF WAYNE SMITH,
SHREVEPORT POLICE OFFICER           <u>JURY TRIAL</u>
BRENT OUZTS, SHREVEPORT POLICE
CORPORAL TREVEION BROOKS

## **<u>COMPLAINT</u>**

### **I.   JURISDICTION**

1.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to Louisiana Constitution Article 1, §§ 2, 5, and Louisiana Civil Code Article 2315.

2.     Jurisdiction is founded on 28 U. S. C. §§ 1331 and 1343 and the aforementioned federal statutory and constitutional provisions.

3.     Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law.

### **II.  PARTY PLAINTIFF**

4.     Ms. Shavonda Harris, who at all relevant times was married to decedent, Mr. Steven Cook, is a person of the full age of majority and a resident of the Parish of Bossier, City of Bossier, State of Louisiana.

## III. PARTY DEFENDANTS

5.    Defendant City of Shreveport is a municipality and political subdivision of the State of Louisiana and at all relevant times herein had authority over the City of Shreveport Police Department, its policies, procedures, customs, and practices.

6.    The Shreveport Police Department (hereafter sometimes referred to as "SPD") is a department of Defendant City of Shreveport, is not an independent juridical entity, and is not named a defendant herein.

7.    The City of Shreveport and the Shreveport Police Department, at all relevant times, were the employers of the individually-named defendants and other unnamed officers.

8.    Accordingly, the City of Shreveport and the Shreveport Police Department are liable directly and vicariously for the actions complained of herein, including, but not necessarily limited to, the individually-named defendants and other unnamed officers.

9.    Defendant Shreveport Police Chief Wayne Smith is a person of the full age of majority, is a resident of the Western District of Louisiana, and, during all relevant times, was the Chief of the Shreveport Police Department, was employed by the City of Shreveport, and was acting in the course and scope of his employment; as such, Chief Smith had authority over the SPD, its

-2-

policies, procedures, customs, practices, and operations, specifically those dealing with the treatment and punishment of detainees, arrestees, and suspects, the conducting of traffic stops and the constitutional limits thereon, and the assignment and operation of the Community Response Unit (hereafter referred to as the "CRU"), and the interpretation of statutory and case law related to the punishment/use of force on detainees, arrestees, and/or suspects, the conducting of traffic stops and the constitutional limits thereon, and the assignment to and/or the operation of the CRU; Chief Smith was a final policy maker for the SPD and was responsible for hiring, training, supervising, and disciplining Officer Ouzts, Corporal Brooks, and other SPD officers; and, at all relevant times herein, Chief Smith was acting under color of law and in the course and scope of his employment.

10. Defendant Shreveport Police Officer Brent Ouzts is a person of the full age of majority, is a resident of the Western District of Louisiana, is employed by the City of Shreveport as a police officer, and at all relevant times herein, was acting under the color of law and in the course and scope of his employment.

11. Defendant Shreveport Police Corporal Treveion Brooks is a person of the full age of majority, is a resident of the Western District of Louisiana, is employed by the City of

-3-

Shreveport as a police officer, and at all relevant times herein, was acting under the color of law and in the course and scope of his employment.

12.  References to "defendant" or "defendants" herein shall mean one or more of the individuals and/or entities described in paragraphs 5 through 11 above and participants and/or co-conspirators acting in concert with them.  Plaintiff sues the individual defendants in paragraphs 9 through 11 in their individual and official capacities.

**IV. STATEMENT OF FACTS**

13.  On Wednesday, September 25, 2024, at approximately 7:22 p.m., SPD Officer Brent Ouzts (hereafter referred to as "Officer Ouzts") and SPD Corporal Treveion Brooks (herafter referred to as "Corporal Brooks") conducted a traffic stop at 3933 Hollywood Avenue in Shreveport, LA, for the alleged traffic violations of failing to signal prior to a turn, running a red light, and not wearing seatbelts.

14.  The vehicle the traffic stop was conducted on was a silver 2016 Ford Fusion, driven by Mr. Steven Cook; there were two (2) passengers in the vehicle, Michael Frederick and Elizabeth Bates.

15.  After Mr. Cook exited/was taken out of the vehicle, a struggle ensued with Officer Ouzts on the driver's side of the

-4-

vehicle, while Corporal Brooks was on the passenger's side of the vehicle.

16. Corporal Brooks then ran to the driver's side of the vehicle.

17. During this incident, Mr. Cook was battered repeatedly, including repeated punches to his face; and Mr. Cook ended up on the ground next to the driver's side of the vehicle.

18. Eventually, Mr. Cook was placed in handcuffs.

19. After Mr. Cook was secured, other responding SPD officers began to arrive at the traffic-stop location; during this incident, officers noticed Mr. Cook had blood on his face, was breathing heavily, and was not responding to officers' requests.

20. Officers positioned Mr. Cook in a seated position, leaned against the vehicle.

21. An officer at the scene radioed SPD dispatch and requested that the Shreveport Fire Department (hereafter "SFD") respond to provide medical aid to Mr. Cook.

22. While waiting for SFD, SPD officers at the scene discovered suspected illegal narcotics in Mr. Cook's mouth and removed the suspected narcotics.

23. Other evidentiary items located in the vehicle led SPD officers to believe Mr. Cook ingested additional suspected illegal narcotics during the traffic stop or during the struggle.

-5-

24.    Once SFD arrived, SFD was advised by officers of the alleged ingestion of suspected illegal narcotics, and Mr. Cook was transported to Ochsner-Louisiana State University Health Medical Center, Shreveport, Louisiana (hereafter referred to as "LSU").

25.    Once at the hospital, Mr. Cook's medical condition deteriorated, and he was placed in the Intensive Care Unit.

26.    Mr. Cook ultimately passed away on Friday, September 27, 2024, at approximately 2:58 p.m.

27.    The above-described battery against Mr. Cook was without warning, without provocation, without justification, and without just cause.

28.    As a result of the unlawful, unconstitutional, and unreasonable conduct set forth above, Mr. Cook suffered injuries including "excited delirium syndrome," acute focal neurological deficit, acute ischemic left ICA stroke, possible dissection of left ICA with left distal ICA occlusion, acute encephalopathy, multiple closed fractures of facial bones, facial trauma, acute respiratory failure, unspecified whether with hypoxia or hypercapnia, and/or other injuries.

29.    At all relevant times, Officer Ouzts, Corporal Brooks, and the other officers were dressed in their Shreveport Police Department uniforms and were equipped with Shreveport Police Department firearms and other police and tactical gear.

30.  At no time during this incident did Mr. Cook have or appear to have possession of a weapon.

31.  At no time during this incident did Mr. Cook threaten his own life or safety or the lives or safety of others.

32.  The above-described use of force during this incident was extreme, outrageous, and excessive, and was in violation of reasonable police standards, policies, and training, including failure to exercise reasonable precautions to protect the safety of the officers and others; it also deliberately exposed Mr. Cook and the officers to a dangerous situation and deliberately created a situation that was dangerous to Mr. Cook and the officers; and it was in violation of Shreveport Police Department standards, policies, training, and rules.

33.  The above-described conduct, including using excessive force against Mr. Cook, was in violation of clearly established Louisiana and federal law, was sudden, unexpected, without consent, without warning, and without statutory authority.

34.  The above-described conduct was without just cause, was extreme and outrageous, and was in violation of reasonable police standards, policies, and training.

## V.    FIRST CAUSE OF ACTION

35.  As a result of the above-described conduct, Mr. Cook was deprived of his constitutional rights to due process, to be free from cruel and unusual punishment, to be free from unjust

and unreasonable seizure and detention, and to be free from the excessive use of force, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1988, and Louisiana Constitution, article 1, §§ 2,5.

36.  At all times relevant herein, the defendants acted unreasonably, recklessly, and with deliberate indifference and disregard for the constitutional, civil, and statutory rights of, and the life and safety of, Mr. Cook.

37.  Ms. Harris further alleges that the above-described conduct of the defendants was the proximate cause and the cause in fact of the violation of Mr. Cook's constitutional, civil, and statutory rights and his physical, emotional, and mental injuries set forth below.

38.  As a result of the above-described incident, Mr. Cook suffered severe and painful physical injuries that led to and/or contributed to his death.

39.  As a result of the above-described incident and the above-described conduct, Mr. Cook suffered mental pain and suffering and emotional distress.

## VI.  SECOND CAUSE OF ACTION

40.  Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 39 of her complaint.

41.  On information and belief, Chief Smith and the SPD failed to establish and/or to enforce reasonable policies,

procedures, customs, practices, and/or operations, specifically those dealing with the use of force during detentions and arrests, the conducting of traffic stops and the constitutional limits thereon, and the assignment to and the operation of the CRU, and/or established customs, policies, and practices which directly and proximately caused the deprivation of the civil, constitutional, and statutory rights of Mr. Cook as alleged herein, and the damages and injuries as described.  In part, Chief Smith and the SPD knew or should have known of prior incidents involving excessive use of force by Officer Ouzts, Corporal Brooks, other members of the CRU, and/or other SPD officers (including, but not limited to, prior car stops by the CRU and/or its members, including, but not limited to, Officer Ouzts and/or Corporal Brooks) and ignored such assaults and batteries during arrests and/or detentions (including, but not limited to, prior car stops by the CRU and/or its members, including, but not limited to, Officer Ouzts and/or Corporal Brooks), and/or openly allowed such by improper supervision, including but not limited to, improper preservation of audio and/or video from in-camera and body-worn cameras, improper preservation/preparation of use-of-force reports, and/or improper investigation/punishment for prior violations of policies, procedures, customs, practices, and/or operations, specifically those dealing with the use of force during detentions and

-9-

arrests, the conducting of traffic stops and the constitutional limits thereon, and the assignment to and operation of the CRU, which resulted in prior incidents of unpunished, underpunished, and/or unchecked unnecessary and excessive force against and/or punishment of those being arrested and/or detained, including, but not limited to, those involved in car stops.

42.   These written and unwritten policies, customs, and practices included, among others, inadequate, unreasonable, and improper policies, procedures, customs, practices, and/or operations, specifically those dealing with the use of force during detentions and arrests, the conducting of traffic stops and the constitutional limits thereon, and the assignment to and operation of the CRU.

43.   At all relevant times herein, defendants acted unreasonably, recklessly, and with deliberate indifference and disregard for the constitutional, civil, and statutory rights, and for the life and safety, of Mr. Cook.

44.   On information and belief, the conduct of the City of Shreveport, Chief Smith, the SPD, Officer Ouzts, Corporal Brooks, and/or other SPD officers was without just cause, was extreme and outrageous, and was in violation of reasonable standards and policies, including (A) failure to train officer on detainees'/ arrestees' constitutional rights to be free from unlawful, unreasonable, and excessive use of force and punishment;

(B) failure to investigate allegations that officers had violated detainees'/arrestees' constitutional rights to be free from unlawful, unreasonable, and excessive use of force and punishment; and/or (C) failure to punish/fire officers who had violated detainees'/arrestees' constitutional rights to be free from unlawful, unreasonable, and excessive use of force and punishment.

45.  Chief Smith, the City of Shreveport, the SPD, Officer Ouzts, Corporal Brooks, and/or officers under their supervision, knew or should have known that their acts were wrongful because of controlling state and federal case law.

## VII. THIRD CAUSE OF ACTION

46.  The pendant jurisdiction of the Court is invoked for all claims under state law.

47.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 39 and paragraphs 41 through 45 of the Complaint.

48.  All individual defendants were acting in the course and scope of their employment with the City of Shreveport and the Shreveport Police Department, and thus the City of Shreveport and the Shreveport Police Department are liable vicariously for the above-described conduct and for the injuries and damages caused by said conduct.

49.  The City of Shreveport and the Shreveport Police Department are liable jointly, severally, and in solido with the individual defendants for the wrongs complained of herein by virtue of encouraging, aiding, abetting, counseling, and condoning the commission of the above-described acts and by failure to establish proper policies and the failure to properly screen, train, supervise, and discipline police officers.

50.  At all times relevant herein, the defendants acted negligently, intentionally, and/or recklessly when they violated the constitutional, civil, and statutory rights of Mr. Cook in the following non-exclusive particulars:

a.  using excessive and unnecessary force;

b.  failing to take the necessary precautions to avoid the occurrence of the type of incident that occurred in this case;

c.  failing to obtain proper training;

d.  failing to utilize proper training skills;

e.  acting outrageously and with deliberate indifference to the constitutional, civil, and statutory rights of Mr. Cook;

f.  intentionally violating and interfering with the constitutional, civil, and statutory rights of Mr. Cook;

g.   maliciously violating and interfering with the constitutional, civil, and statutory rights of Mr. Cook;

h.   negligently violating and interfering with the constitutional, civil, and statutory rights of Mr. Cook;

i.   intentionally inflicting emotional distress on Mr. Cook;

j.   intentionally and maliciously inflicting severe mental, physical, and emotional injuries on Mr. Cook;

k.   assaulting and battering Mr. Cook;

l.   committing gross negligence;

m.   cruelly and inhumanely treating and punishing Mr. Cook; and

n.   other negligent, grossly negligent, reckless, malicious, and intentional conduct and violations to be shown at trial.

51.   Plaintiff further alleges that these actions were the proximate cause and cause in fact of the above- and below-described injuries and damages.

52.   As a result of the actions of the defendants as described above, damages have been incurred and are being asserted, in accordance with La. C.C. arts. 2315 as follows:

a.    Past physical, mental, and emotional pain and

suffering, mental anguish, and grief;

b.    wrongful death, and

c.    loss of enjoyment of life,

all in amounts to be proven at the trial herein.

53.    Mr. Cook was, at all relevant times, married to Ms. Harris.

54.    As a result of Mr. Cook's above-described injuries, damages, and death, Ms. Harris suffered injuries and damages, including, but not necessarily limited to, survival claims and loss of love, affection, consortium, society, support, and companionship.

55.    In part, Mr. Cook's above-described injuries, damages, and death resulted in Ms. Harris watching Mr. Cook suffer and die, having to decide to remove Mr. Cook from life support, and being unable to enjoy fully the companionship of Mr. Cook.

56.    Ms. Harris shows that it may be necessary to employ experts to testify herein and that the expert fees for said experts should be fixed and taxed as costs and the defendants be condemned jointly, severally, and in solido to pay same.

57.    Ms. Harris requests trial by jury as to all issues set forth herein so triable by a jury.

WHEREFORE PLAINTIFF, SHAVONDA HARRIS, INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, STEVEN COOK, PRAYS that:

I.   Defendants, CITY OF SHREVEPORT, SPD CHIEF WAYNE SMITH, SPD OFFICER BRENT OUZTS, AND SPD CORPORAL TREVEION BROOKS, be ordered to pay restitution and other sums in an amount as yet undetermined, for the above-described violations of the constitutional, civil, and statutory rights of plaintiff, SHAVONDA HARRIS, INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, STEVEN COOKK, or otherwise as necessary to make plaintiff whole by reason of defendants' unlawful acts.

II.  Plaintiff be awarded compensatory damages and punitive damages.

III. Plaintiff be awarded prejudgment and/or legal interest.

IV.  This Honorable Court declare that defendants have deprived Mr. Steven Cook of his above-described constitutional, civil, and statutory rights.

V.   Plaintiff be awarded costs of litigation including expenses, expert witness fees, and reasonable attorney's fees.

VI.  Plaintiff be allowed a trial by jury for those matters so triable by a jury.

VII. This Honorable Court grant such other and further relief against defendants and in favor of the plaintiff as may be necessary, proper, and just.

Respectfully submitted

THE LAW OFFICES OF KELLY L. LONG
By:/s/ Kelly L. Long
Kelly L. Long # 26975
1000 Chinaberry Drive, Suite 802
Bossier City, LA 71111
Telephone: (318) 424-1111
Telecopier: (318) 424-3651
kellylonglaw@bellsouth.net

THE HARVILLE LAW FIRM, LLC
By:/s/ Douglas Lee Harville
Douglas Lee Harville #27235
400 Travis Street, Suite 1601
Shreveport, LA 71101-3144
Telephone:  (318) 222-1700
Telecopier: (318) 222-1701
lee.harville@theharvillelawfirm.com

ATTORNEYS FOR PLAINTIFF, SHAVONDA
COOK, INDIVIDUALLY AND ON BEHALF OF
HER DECEASED HUSBAND, STEVEN COOK