**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| SHAVONDA HARRIS | CIVIL ACTION NO. 25-1417 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

### <u>MEMORANDUM RULING</u>

The plaintiff, Shavonda Harris ("Harris"), has filed a motion to certify an interlocutory order as a final judgment under Federal Rule of Civil Procedure 54(b). Record Document 25. The Court previously issued an amended order adopting the Magistrate Judge's recommendation that a motion for partial dismissal be granted. Record Document 22. Harris asks the Court to certify that amended order as a final judgment, making it immediately appealable. Record Document 25.

In the amended order, the Court dismissed Harris's excessive force claims arising under the Eighth and Fourteenth Amendments, her unreasonable seizure claim based on the Fourth Amendment, and all federal claims against two of the defendants, the City of Shreveport and Chief Wayne Smith. *Id.* at 1. The Court also dismissed all claims against Chief Wayne Smith because Harris did not plead a state law cause of action against him. *Id.* Remaining is a federal cause of action for excessive force under the Fourth Amendment, along with various state law causes of action. *Compare* Record Document 1 (categorizing claims into three causes of action),

1

*with* Record Document 22 (dismissing all but the Fourth Amendment excessive force claim and the state law claims).

Under Federal Rule of Civil Procedure 54(b), a district court can "direct entry of a final judgment as to one or more but fewer than all of the claims or parties only if the court determines that there is no just reason for delay and upon an express direction for the entry of judgment." Such certifications are disfavored, however, and the United States Court of Appeals for the Fifth Circuit has explained that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Piecemeal appeals are so disfavored that a "district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.*

Harris has not articulated a hardship that would justify fragmented appeals. She argues that, absent an immediate appeal of the amended order, the scope of discovery could be limited and a retrial "of issues in the future" could result. Record Document 25-1. The Court is not persuaded.

Harris's concerns rest on speculation about how this litigation might unfold, and she gives no reason that this case differs from any other involving a partial ruling. At bottom, Harris does no more than object to waiting until the entire case is resolved before filing an appeal. This is not an exceptional hardship that warrants an immediate appeal. *See, e.g., SMH Enter., LLC v. Krispy Krunch Foods, LLC*, No. 20-

2970, 2021 WL 5630892, at *3 (E.D. La. Dec. 1, 2021) ("Plaintiff's alleged hardship—that it will have to wait to appeal this ruling until the Court resolves the rest of the case—is a 'hardship' present in every case where some, but not all, claims are dismissed."). Because Harris will suffer no hardship from the denial of an immediate appeal, the Court will not certify its amended order as a final judgment.

**DONE AND SIGNED** at Shreveport, Louisiana, this 10th day of June, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE